IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**FILED**

JUN 3 0 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS; THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, <br><br> Plaintiffs, <br><br> v. <br><br> LONNIE KOLWELTER d/b/a TILE BY LONNIE, INC., <br><br> Defendant. | CASE NO. 08 C 50127 <br> Judge Kapala |

## COMPLAINT

**NOW COMES** the Plaintiffs, THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, by and through their attorneys, MARC M. PEKAY, P.C. and hereby complain against the Defendant, LONNIE KOLWELTER d/b/a TILE BY LONNIE, INC. an Illinois Corporation, as follows:

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Section 1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. Section 185(a), and 28 U.S.C. Section 1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132 (e)(2), and 28 U.S.C. Section 1391 (a) and (b).

1

3. (a) The Plaintiffs are THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS; (hereinafter called the "Rockford Funds") and having standing to sue pursuant to 29 U.S.C. Section 1132(d)(1) and 29 U.S.C. Section 185(a).

(b) The Rockford Funds have been established pursuant to Collective Bargaining Agreements previously entered into between various Unions and certain employer associations whose employees are covered by the Collective Bargaining Agreements with the Unions. The Rockford Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.

4. LONNIE KOLWELTER d/b/a TILE BY LONNIE, INC. (hereinafter "Tile By Lonnie" or "Defendant") is a Company engaged in the construction industry and doing business within this geographic area and is an industry affecting interstate commerce.

5. At all times relevant, LONNIE KOLWELTER is the owner and president of TILE BY LONNIE, INC.

6. On or about January 16, 1994, the Defendant and the International Union of Bricklayers and Allied Craftsmen entered into a Collective Bargaining Agreement. *See Exhibit A.*

7. On or about January 1, 2005, the Defendant and the Construction Industry Welfare Fund of Rockford, Illinois entered into a Participation Agreement so that LONNIE KOLWELTER could pay fringe benefits on behalf of himself to the Rockford Funds. *See Exhibit B.*

8. Under the terms of the Collective Bargaining Agreements, the Participation Agreement and Trust Agreements to which the Defendant is bound, the Defendant is required to make periodic contributions to the Rockford Funds on behalf of certain employees and himself.

9. Since on or about January 16, 1994 and again on January 1, 2005, Tile By Lonnie has acknowledged and ratified the Collective Bargaining Agreement entered into with The International Union of Bricklayers and Allied Craftsmen and the Construction Industry Welfare Fund of Rockford, Illinois by paying contributions pursuant to the Collective Bargaining Agreement and Trust to which Defendant is bound.

10. Pursuant to the Collective Bargaining Agreement and the Participation Agreement, contributions to the Funds are due on the fifteenth (15th) day of the month.

11. Pursuant to the Collective Bargaining Agreement and the Participation Agreement to which Defendant is bound, an employer who fails to make the contributions by the twenty-fifth (25th) day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect this money.

12. The Defendant has failed to make timely payments of its contributions from April 30, 2005 to present as required to be paid by it to the Rockford Fund pursuant to the terms of the Collective Bargaining Agreements and the Participation Agreement by which the Defendant is bound, all in violation of Defendant's contractual obligations and the obligations under State and Federal Statutes. The current amount Defendant owes in liquidated damages is One Thousand Eight Hundred Four Dollars and sixty two cents ($1,804.62). Attached as Exhibit C is a document that shows when

the contributions were due and when they were paid and the amount of liquidated damages that have accrued. See Exhibit C.

13. In addition to the above, the Rockford Funds have already spent One Hundred Eighty Seven Dollars and fifty cents ($187.50) in legal fees trying to collect these liquidated damages.

14. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. Section 185, and the terms of the Collective Bargaining Agreement, LONNIE KOLWELTER d/b/a TILE BY LONNIE, INC. is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request this Court enter a judgment against Defendant, LONNIE KOLWELTER d/b/a TILE BY LONNIE, INC.,

(a) Enter judgment be entered against the Defendant and in favor of the Plaintiffs in the amount of One Thousand Nine Hundred Ninety Two Dollars and twelve cents ($1,992.12) plus additional legal fees and costs incurred to collect this money.

(b) To enjoin Defendant from violating the terms of the Agreement including, but not limited to ordering Defendant to remain current in its payments of contributions; and

(c) To award Plaintiffs any further legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

CONSTRUCTION INDUSTRY
WELFARE AND RETIREMENT FUND
OF ROCKFORD, ILLINOIS;
s/ Marc M. Pekay,
Attorney for Plaintiffs

Marc M. Pekay, P.C.
30 North LaSalle St., Ste. 2426
Chicago, IL 60602
(312) 606-0980

4084 

Beginning May 1, 1993

| | |
|---|---|
| CENTRAL ILLINOIS BUILDERS OF AGC | INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN |
| By: *[signature]* Executive Vice President Having authority to sign on behalf of those firms who have assigned their bargaining rights to the Association. | By: *[signature]* President |

ATTEST:

By: *[signature]*
Business Representative

Contract Accepted: __1-16-94__
                        Date

Firm: Tile By Lonnie
Address: 690 S. Washington
         Bradley, IL 60915
By: *[signature]*

6

**EXHIBIT A**

05/03/2004 09:29 FAX 815 397 4862　　CONST. IND. FUNDS　　　　　　　　　@004

661 Southrock Dr.
61102

173 hrs.

4084

## PARTICIPATION AGREEMENT
(Rule 4 Participants - Owner Operators)

This Participation Agreement ("Agreement") is dated 1-1_____, 2005 and is executed by and between Tile By Lonnie_____, and his, her or its successors and assigns (the "Owner Operator") and the CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS (the "Welfare Fund").

The CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS ("Welfare Fund") has been established by an Agreement and Declaration of Trust effective April 20, 1954, as amended from time to time ("Trust Agreement"), for the purpose of providing welfare benefits for employees represented through collective bargaining by the unions and for certain other non-bargaining unit employees. The Owner Operator is a member of one of the unions which participate in the Fund and desires to participate in the Welfare Fund, in accordance with terms and conditions set forth in the Trust Agreement and this Participation Agreement.

In consideration of the mutual covenants and undertakings set forth in this Agreement and other good and valuable consideration, the sufficiency and receipt of which is acknowledged, the Owner Operator and the Welfare Fund agree that the recitals set forth above are a part of this Agreement and further agree as follows:

1. **Representations of Owner Operator.** The Owner Operator is doing business in the State of Illinois as a corporation, partnership or sole proprietor, and is a signatory to an agreement with at least one of the Welfare Fund's member unions. The Owner Operator also represents that there are no understandings or agreements regarding its obligation to make contributions to the Fund other than those which are contained in this Agreement or which have been both reduced to writing and provided to the Fund prior to its execution of this Agreement.

2. **Employees Covered As "Rule 4" Participants.**

    (a) In order to be covered as a "Rule 4" Participant under this Agreement, an individual must be an Owner Operator who is a member of at least one of the unions which participate in the Fund, and is a signatory to an agreement with at least one of those unions. (If other individuals are employed by the Owner Operator, they may be eligible to participate in the Fund as bargaining unit employees or as "Rule 3" Participants under the rules and regulations promulgated by the Welfare Fund's Board of Trustees. Any such participation is subject to execution of a collective bargaining agreement with a member union or approval by the Fund's Board of Trustees and execution of an appropriate Rule 3 Participation Agreement.) For purposes of this Agreement, the term "Owner Operator" shall mean an individual who is actively performing services for remuneration in the construction trades. An Owner Operator will be considered to be "actively performing services" if he or she is working on a full-time basis in the construction trades or is on a leave of absence so long as the Owner Operator is expected to return to his or her regular duties in the construction trades within a reasonable period of time. An Owner Operator's

JAN 20 2005　　**EXHIBIT B**

05/03/2004 09:29 FAX 815 397 4862     CONST. IND. FUNDS     ☒005

eligibility to participate in the Fund as a retiree is subject to the Fund's rules for such retiree coverage (and/or as required under the COBRA laws).

(b) The Fund may from time to time audit claims for purposes of confirming that the individuals for whom benefits under the Plan will be or have been paid are Owner Operators and proper Rule 4 Participants as defined in this Agreement (or their dependants). In the event the Fund determines that benefits have been paid to or on behalf of an individual who is not an Owner Operators and a proper Rule 4 Participant as defined in this Agreement (or a dependant of a proper Rule 4 Participant), the Fund shall have a right to full reimbursement of the benefits paid from the Owner Operator. Such amounts shall be promptly reimbursed to the Fund, and the Fund shall be entitled to recover the attorneys fees it incurs in collecting such amounts, including any attorney's fees incurred in its pre-litigation efforts to collect such amounts.

3. **Owner Operator's Contributions**. The Owner Operator shall make contributions to the Fund for a minimum of 173 hours per month at the contribution rate determined from time to time by the Trustees of the Fund. Increases in such contribution rates shall become effective on the date approved by the Trustees of the Fund.

4. **Adoption of Trust Agreement**. The Owner Operator hereby adopts and agrees to be bound by the Trust Agreement of the Welfare Fund, as amended from time to time, including but not limited to the Fund's right to conduct audits, as well as any rules and regulations promulgated by the Welfare Fund's Board of Trustees.

5. **Delinquent Payments**. Monthly contributions must be mailed to the Trust Fund office no later than the 15th day of the month following the month for which the payment is due. Any Owner Operator who has failed to make contributions, underpaid or made untimely payments shall be obligated to pay the Welfare Fund (a) all costs, fees or other expenses incurred in any audit of the Owner Operator; (b) any amounts the Welfare Fund is required to pay out for the benefit of a Participant who would be eligible except for the failure of the Owner Operator to make required contributions on his or her behalf; (c) liquidated damages in an amount that is ten percent (10%) of the amount of contributions due; and (d) the reasonable attorney's fees and other costs incurred by the Welfare Fund in the collection process, including court fees, audit fees and litigation expenses.

6. **Term and Termination**.

(a) This Agreement and the adoption of the Trust Agreement referred to in paragraph 4 above shall become effective on the date first written above, and shall continue in full force and effect until and unless sooner terminated as provided below.

(b) This Agreement may be terminated by either party by providing the other party with 90 days' written notice of termination; provided, however, that, if the Owner Operator terminates this Agreement within one year of its execution, and the Trustees of the Fund determine that the Owner Operator entered into this Agreement in order to secure benefits on account of health conditions known to the Owner Operator before

entering into this Agreement, then the Fund shall have the right to seek reimbursement of any benefits provided to such employee(s), including reasonable attorney's fees and other costs incurred in seeking such reimbursement.

(c)    Following a termination of this Agreement, the Owner Operator may apply to the Fund's Board of Trustees for renewal of his or her coverage as a Rule 4 Participant on one (1) additional occasion. Re-entry into the Fund under these conditions will be in the sole discretion of the Board of Trustees. No Owner Operator will be allowed to return to the Fund in this fashion on more than one (1) occasion.

7.    **Amendment.** This Agreement may not be modified or amended by any oral or verbal promise. Any proposed modification or change of this Agreement must be made in writing, refer to this Agreement and be executed by both parties.

8.    **Applicable Law; Severability.** Except to the extent governed by the Employee Retirement Income Security Act ("ERISA"), this Agreement shall be subject to and construed under the laws of the State of Illinois. If any portion of this Agreement is determined to be unenforceable, such determination shall not affect the enforceability of the remainder of this Agreement which shall remain in full force and effect.

9.    **Assignment.** This Agreement shall inure to the benefit of and be binding on the parties and their respective successors and assigns.

To evidence their agreement, the parties have executed this Agreement on the date set opposite to their respective signatures below.

1-1-05
_____
Date

OWNER OPERATOR
Tile By Lonnie Inc - Lonnie Kolwelter
BY: _Lonnie K_____

1-18-05
_____
Date

CONSTRUCTION INDUSTRY WELFARE FUND,
BY: _____
Its _____

-3-

CONSTRUCTION INDUSTRY FUND OF ROCKFORD
6838 EAST STATE STREET SUITE 201
ROCKFORD, IL 61108

815-399-0800

TILE BY LONNIE INC
230 E BROADWAY ST
BRADLEY, IL 60915

Page 1 of 1

5/30/2008

4084

Your payroll submission(s) for the following were delinquent. You have been assessed a delinquent penalty as follows:

| ACCT | FUND | PAY PERIOD | PSTMRK DT | FUND AMT | % | PENALTY AMT | PD AMT | PD DT | WAIVE |
|---|---|---|---|---|---|---|---|---|---|
| CIRSNB | CIWFR | 04/30/2005 | 07/05/2005 | $830.40 | 10.00 | $83.04 | | | |
| CIRSNB | CIWFR | 05/31/2005 | 07/05/2005 | $830.40 | 10.00 | $83.04 | | | |
| CIRSNB | CIWFR | 07/31/2005 | 09/27/2005 | $891.00 | 10.00 | $89.10 | | | |
| CIRSNB | CIWFR | 08/31/2005 | 10/14/2005 | $891.00 | 10.00 | $89.10 | | | |
| CIRSNB | CIWFR | 09/30/2005 | 11/09/2005 | $829.20 | 10.00 | $82.92 | | | |
| CIRSNB | CIWFR | 10/31/2005 | 01/13/2006 | $891.00 | 10.00 | $89.10 | | | |
| CIRSNB | CIWFR | 02/28/2006 | 04/07/2006 | $891.00 | 10.00 | $89.10 | | | |
| CIRSNB | CIWFR | 03/31/2006 | 06/12/2006 | $67.00 | 10.00 | $6.70 | | | |
| CIRSNB | CIWFR | 04/30/2006 | 06/12/2006 | $891.00 | 10.00 | $89.10 | | | |
| CIRBCT | CIAN | 09/30/2006 | 01/02/2007 | $461.50 | 10.00 | $46.15 | | | |
| CIRBCT | CIWFR | 09/30/2006 | 01/02/2007 | $390.50 | 10.00 | $39.05 | | | |
| CIRBCT | CIAN | 10/31/2006 | 01/02/2007 | $2,385.50 | 10.00 | $238.55 | | | |
| CIRBCT | CIWFR | 10/31/2006 | 01/02/2007 | $2,018.50 | 10.00 | $201.85 | | | |
| CIRSNB | CIWFR | 11/30/2006 | 01/15/2007 | $951.50 | 10.00 | $95.15 | | | |
| CIRSNB | CIWFR | 12/31/2006 | 03/16/2007 | $951.50 | 10.00 | $95.15 | | | |
| CIRSNB | CIWFR | 01/31/2007 | 03/13/2007 | $951.50 | 10.00 | $95.15 | | | |
| CIRSNB | CIWFR | 02/28/2007 | 04/04/2007 | $951.50 | 10.00 | $95.15 | | | |
| CIRSNB | CIWFR | 05/31/2007 | 06/28/2007 | $951.50 | 10.00 | $95.15 | | | |
| CIRSNB | CIWFR | 02/29/2008 | 03/27/2008 | $1,020.70 | 10.00 | $102.07 | | | |
| | | | Totals | | | $1,804.62 | $0.00 | | |
| | | | Total Due upon Receipt | | | $1,804.62 | | | |

Lonnie Kolweiter

Please remit penalty due under separate cover from any hours submissions. Please attach a copy of this letter with your remittance.
Thank you

**EXHIBIT C**